IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERNEST RAY QUINN,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br>Civil Case No. 2:16-CV-212 TS<br>Criminal Case No. 2:14-CR-474 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence filed by Petitioner Ernest R. Quinn. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

On September 17, 2014, Petitioner was charged with being a felon in possession of a firearm and ammunition and possession of methamphetamine with the intent to distribute. Petitioner pleaded guilty to possession of methamphetamine with the intent to distribute. Prior to sentencing, a Presentence Report was prepared, which concluded that Petitioner qualified as a career offender under United States Sentencing Guideline ("USSG") § 4B1.1 because of his two prior Utah convictions for third degree aggravated assault. This raised Petitioner's adjusted offense level from a 26 to a 34 and increased his criminal history category from V to VI, resulting in a Guideline range of 188 to 235 months. Had Petitioner not been deemed a career offender, his Guideline range would have been 84 to 105 months.

Counsel objected to the career offender enhancement, arguing that Petitioner's two prior convictions should not be counted separately because there was no intervening arrest.[1] Petitioner also argued that the Court should decline to sentence him as a career offender. At sentencing on December 1, 2015, the Court overruled Petitioner's objection but did vary downward from the Guidelines to sentence him to 150 months' imprisonment.

Petitioner timely filed his § 2255 Motion and it was later supplemented through counsel. While the Motion has been pending, various developments have mooted some of Petitioner's arguments. Now, a single issue remains: whether counsel was ineffective in failing to object to the career offender enhancement on the basis that Petitioner's Utah aggravated assault convictions did not qualify as crimes of violence since they can be committed recklessly.

## II.  DISCUSSION

28 U.S.C. § 2255(a) provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner's sole remaining claim is based on alleged ineffective assistance of counsel. The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel, the defendant must generally show that counsel's performance fell below an objective standard of

---

[1] *See* USSG §§ 4A1.2(a)(2), 4B1.2(c).

reasonableness, and that counsel's deficient performance was prejudicial."[2] To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of counsel at the time he or she rendered the legal services, not in hindsight.[4] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[5] To be constitutionally deficient, counsel's performance "must have been 'completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.'"[6] "There is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[7] And "the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'"[8]

---

[2] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[3] *Strickland*, 466 U.S. at 694.

[4] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[5] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[6] *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Okla.*, 58 F.3d 1447, 1459 (10th Cir. 1995)).

[7] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

[8] *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (alteration in original) (quoting *Strickland*, 466 U.S. at 689).

The Tenth Circuit has stated that "the failure to object to the legally erroneous imposition of an enhancement under the Sentencing Guidelines constitutes ineffective assistance."[9] To establish that his counsel was deficient, Petitioner must show that his prior convictions were "facially insufficient"[10] to satisfy the definition of a crime of violence under the Sentencing Guidelines or that the "issue counsel failed to raise was clearly meritorious."[11] In contrast, if the objection is "not a clear winner and could have prejudiced" Petitioner, "counsel's failure to object . . . is reasonably attributable to sentencing strategy."[12]

As stated, the Presentence Report concluded that Petitioner qualified for an enhancement as a career offender. This assessment was based on Petitioner's two Utah convictions for aggravated assault. The parties agree that Utah's third degree aggravated assault statute contains no mens rea requirement. Under Utah law, when no mens rea is specified in the statute, criminal responsibility may be established by either intent, knowledge, or recklessness.[13] Thus, third degree aggravated assault in Utah could be committed recklessly.[14] At the time of Petitioner's sentencing—December 1, 2015—it was well-established in the Tenth Circuit that a crime that

---

[9] *United States v. Sims*, 218 F. App'x 751, 753 (10th Cir. 2007) (citing *Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2004)).

[10] *See United States v. Kissick*, 69 F.3d 1048, 1056 (10th Cir. 1995), *abrogated on other grounds by United States v. Horey*, 333 F.3d 1185, 1187–88 (10th Cir. 2003), ("An attorney's failure to challenge the use of a prior conviction to classify the defendant as a career offender when that prior conviction is facially insufficient to satisfy the definition of a 'controlled substance offense' under USSG § 4B1.2 therefore constitutes deficient performance under *Strickland*.").

[11] *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996).

[12] *United States v. Holloway*, 939 F.3d 1088, 1104 (10th Cir. 2019).

[13] Utah Code Ann. § 76–2–102.

[14] *State v. Loeffel*, 300 P.3d 336, 338–39 (Utah Ct. App. 2013).

could be committed with a reckless state of mind was not categorically a crime of violence under the Sentencing Guidelines.[15]

Under binding Tenth Circuit case law applicable at the time of sentencing, the Court could apply the modified categorical approach to statutes like Utah's aggravated assault statute that could be committed either recklessly or intentionally.[16] Under this approach, "the sentencing court could consult judicial records to determine whether a prior conviction . . . had involved intentional conduct or recklessness."[17]

This Court followed that approach in *United States v. Cruz-Sonsuario*.[18] In that case, the defendant argued, among other things, that his prior convictions for Utah aggravated assault should not be considered crimes of violence under USSG § 2L1.2 because they could be committed recklessly.[19] The Court rejected this argument. In doing so, the Court applied the

---

[15] *United States v. Duran*, 696 F.3d 1089, 1095 (10th Cir. 2012); *United States v. Armijo*, 651 F.3d 1226, 1237 (10th Cir. 2011); *United States v. Zuniga-Soto*, 527 F.3d 1110, 1117 (10th Cir. 2008).

[16] *Duran*, 696 F.3d at 1092 ("In this case we apply the modified categorical approach because Texas law broadly defines aggravated assault to situations that might involve nonviolent or reckless acts."); *Zuniga-Soto*, 527 F.3d at 1122 (stating that a statute that could be committed intentionally, knowingly, or recklessly had a mens rea component that was "grammatically divisible" and that the court could consider the state judicial records to identify the part of the statute that had been charged).

[17] *United States v. Rodriguez*, 768 F.3d 1270, 1273 (10th Cir. 2014) (citing *Zuniga-Soto*, 527 F.3d at 1121–22); *see also id.* at 1273 n.4 ("In *Zuniga-Soto*, we stated that § 22.01(a)(1)'s 'mens rea component is grammatically divisible' and that the court could consider the state judicial records to identify the part of the statute that had been charged.") (quoting *Zuinga-Soto*, 527 F.3d at 1122). Other courts of appeal had similarly concluded that the modified categorical approach could be used to determine the particular mens rea involved. *See United States v. Carter*, 752 F.3d 8, 17 (1st Cir. 2014); *United States v. Marrero*, 743 F.3d 389, 395–97 (3d Cir. 2014).

[18] No. 2:14-CR-594 TS, 2015 WL 574547 (D. Utah Feb. 11, 2015).

[19] *Id.* at *5.

modified categorical approach to find that the defendant's prior convictions involved intentional, not reckless, conduct.[20]

At the evidentiary hearing on this Motion, counsel testified that he considered objecting to the career offender status on the basis that Petitioner's convictions were not crimes of violence because they could be committed recklessly.  He researched the issue, discussed the issue with colleagues, and reviewed case law including the Tenth Circuit case of *Zuniga-Soto* and this Court's decision in *Cruz-Sonsuario*, decided only ten months before Petitioner's sentencing, both of which applied the modified categorical approach.

In *Zuniga-Soto*, the Tenth Circuit held that reckless conduct does not involve the deliberate use of physical force required by the crime of violence definition.[21]  Based on a reading of *Zuniga-Soto*, counsel initially believed Petitioner's prior convictions for aggravated assault would not be considered a crime of violence.[22]  However, with further research, including this Court's decision in *Cruz-Sonsuario*, counsel testified that he believed the issue was foreclosed and that raising it would have been frivolous.  Counsel also testified that he worried that raising the issue might prejudice his client, stating: "If we get into the modified categorical approach and we start looking at underlying plea documents, Mr. Quinn's aggravated assaults curried no favor."[23]  In light of this assessment, counsel decided not to object to the career offender enhancement on this ground and instead raise issues that, while they might not carry the

---

[20] *Id.*

[21] *Zuniga-Soto*, 527 F.3d at 1122–24.

[22] Evid. Hr'g, 21:40–21:59.

[23] *Id.* at 22:14–22:25.

day, had at least not been recently decided by the Court before which Mr. Quinn was to be sentenced. This strategic choice was not the type of utterly unreasonable conduct that constitutes constitutionally ineffective assistance.

Petitioner acknowledges that Utah's aggravated assault statute is divisible but contends that the modified categorical approach could not be used to determine which mens rea a defendant had when he committed the crime. Petitioner is likely correct in light of *Mathis v. United States*,[24] which clarified that the modified categorical approach applies only when a statute lists alternative elements not different means for committing a particular element.[25] However, *Mathis* was decided in 2016, after Petitioner was sentenced. Under Tenth Circuit case law applicable at the time of Petitioner's sentencing, the Court could use the categorical approach to determine whether a defendant's prior conviction involved reckless or intentional conduct.

Petitioner also complains that the government failed to provide any *Shepard*[26] documents concerning Petitioner's underlying convictions to support its claim that Petitioner's prior convictions involved intentional conduct. However, it is Petitioner's burden to demonstrate counsel was deficient. Petitioner presented no evidence that his aggravated assault convictions were limited to reckless conduct. "[T]he absence of evidence cannot overcome the 'strong

---

[24] ---U.S.---, 136 S.Ct. 2243 (2016).

[25] *Id.* at 2253.

[26] *Shepard v. United States*, 544 U.S. 13, 26 (2005). In *Shepard*, the Supreme Court held that a sentencing court could look "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249 (citing *Shepard*, 544 U.S. at 26).

presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'"[27]

Petitioner asserts that counsel was wrong in his assessment that the issue was frivolous. Even if counsel was wrong, that is insufficient to demonstrate deficient performance. Counsel "must have been 'completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.'"[28] This is clearly not the case here, where counsel interpreted the case law in a reasonable manner and made a strategic choice on behalf of his client.

In sum, Petitioner has not demonstrated that counsel's performance was constitutionally deficient. Counsel identified the potential issue with the Guideline calculation Petitioner complains of, consulted colleagues about it, conducted legal research uncovering cases from both the Tenth Circuit and this Court, and ultimately decided that the issue was not worth pursuing. Counsel is not required to raise a meritless issue.[29] Because the Court cannot conclude that counsel's performance was deficient, Petitioner's Motion must be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-212 TS) is DENIED and DISMISSED.  It is further

---

[27] *Burt*, 571 U.S. at 23 (second alteration in original) (quoting *Strickland*, 466 U.S. at 689).

[28] *Hoxsie*, 108 F.3d at 1246 (quoting *Hatch*, 58 F.3d at 1459).

[29] *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006).

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 22nd day of November, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge