IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ERNEST RAY QUINN,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SENTENCE REDUCTION<br><br>Case No. 2:14-CR-474 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Renewed Motion for Sentence Reduction. For the reasons discussed below, the Court will deny the Motion.

I.　BACKGROUND

　　　　Defendant was charged with felon in possession of a firearm and ammunition and possession of methamphetamine with intent to distribute. Defendant pleaded guilty to possession of methamphetamine with intent to distribute. The Presentence Report concluded that Defendant qualified for an enhancement as a career offender based on prior Utah convictions for aggravated assault, resulting in a guideline range of 188 to 235 months.[1] The Court imposed a sentence of 150 months' imprisonment, as was recommended by the United States. Defendant now seeks a sentence reduction. Defendant contends that the law has changed such that he would no longer be considered a career offender if he were sentenced today.

---

[1] Defendant is currently challenging that determination in a proceeding under 28 U.S.C. § 2255. The Court rejected Defendant's challenge, but he has filed a Motion to Alter or Amend Judgment.

1

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[2]  18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted their administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[3]  The Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[4]

---

[2] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[3] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[4] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Defendant argues that extraordinary and compelling reasons exist to support a sentence reduction. Specifically, Defendant points to the Supreme Court's recent decision of *Borden v. United States*,[5] which held that reckless conduct fails to satisfy the definition of violent felony under the Armed Career Criminal Act ("ACCA").[6] The Tenth Circuit has since applied *Borden* to the Sentencing Guidelines, concluding that reckless conduct is not sufficient to support a career offender enhancement.[7] Defendant argues that the change in law announced by *Borden* means that he should not have been sentenced as a career offender.

Defendant's reliance on *Borden* is misplaced. Defendant is correct that *Borden* clarified that crimes that can be committed recklessly do not qualify as violent felonies under the ACCA. But at the time of Defendant's sentencing—December 1, 2015—it was well-established in the Tenth Circuit that a crime that could be committed recklessly was categorically *not* a crime of violence under the Sentencing Guidelines.[8] Thus, *Borden* did not change the law in place at the time Defendant was sentenced. Instead, *Borden* restored the state of the law in place at the time of Defendant's sentencing.

---

[5] ---U.S.---, 141 S. Ct. 1817 (2021).

[6] *Id.* at 1822.

[7] *United States v. Ash*, 7 F.4th 962, 963 (10th Cir. 2021) (quoting *Borden*, 141 S. Ct. at 1834) ("We have now revisited the reckless aggravated battery issue and see no meaningful basis upon which to distinguish *Borden* from the case before us. *Borden* definitively foreclosed counting Kansas reckless aggravated assault as a crime of violence, concluding that "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies under the ACCA." Accordingly, we hold that Kansas reckless aggravated battery is not a crime of violence.")

[8] *United States v. Duran*, 696 F.3d 1089, 1095 (10th Cir. 2012); *United States v. Armijo*, 651 F.3d 1226, 1237 (10th Cir. 2011); *United States v. Zuniga–Soto*, 527 F.3d 1110, 1117 (10th Cir. 2008).

The change that did occur was the Supreme Court's decision in *Mathis v. United States*,[9] which clarified that the modified categorical approach applies only when a statute lists alternative elements, not different means for committing a particular element.[10] Prior to *Mathis*, the Court could apply the modified categorical approach to statutes—like Utah's aggravated assault statute—that could be committed either recklessly or intentionally.[11] Under this approach, "the sentencing court could consult judicial records to determine whether a prior conviction . . . had involved intentional conduct or recklessness."[12]

Therefore, the question becomes whether the Supreme Court's decision in *Mathis* provides extraordinary and compelling reasons for a sentence reduction. Courts have held that a non-retroactive changes in the law alone are insufficient to warrant extraordinary and compelling

---

[9] 579 U.S. 500, 136 S.Ct. 2243 (2016).

[10] *Id.* at 2253.

[11] *Duran*, 696 F.3d at 1092 ("In this case we apply the modified categorical approach because Texas law broadly defines aggravated assault to situations that might involve nonviolent or reckless acts."); *Zuniga-Soto*, 527 F.3d at 1122 (stating that a statute that could be committed intentionally, knowingly, or recklessly had a mens rea component that was "grammatically divisible" and that the court could consider the state judicial records to identify the part of the statute that had been charged).

[12] *United States v. Rodriguez*, 768 F.3d 1270, 1273 (10th Cir. 2014) (citing *Zuniga-Soto*, 527 F.3d at 1121–22); *see also id.* at 1273 n.4 ("In *Zuniga-Soto*, we stated that § 22.01(a)(1)'s 'mens rea component is grammatically divisible' and that the court could consider the state judicial records to identify the part of the statute that had been charged.") (quoting *Zuinga-Soto*, 527 F.3d at 1122). Other courts of appeal had similarly concluded that the modified categorical approach could be used to determine the particular mens rea involved. *See United States v. Carter*, 752 F.3d 8, 17 (1st Cir. 2014); *United States v. Marrero*, 743 F.3d 389, 395–97 (3d Cir. 2014). To be clear, the Court is not suggesting that it did consult any records to determine whether Defendant's prior convictions involved intentional or reckless conduct, only that it could have done so if requested. Additionally, there has been no evidence presented that Defendant was charged with or pleaded guilty to only reckless conduct.

4

reasons for a sentence reduction.[13]  The Tenth Circuit has made clear that *Mathis* does not apply retroactively.[14]  Thus, the clarification provided in *Mathis* as to the application of the modified categorical approach cannot by itself provided extraordinary and compelling circumstances for a sentence reduction.[15]

At the time of Defendant's sentencing, binding Tenth Circuit precedent dictated that the Court could use the modified categorical approach to determine whether a predicate offense was committed recklessly.  *Mathis* has since clarified that this is likely inappropriate, but *Mathis* was decided after Defendant was sentenced.  As the Sixth Circuit has explained, "courts cannot use [§ 3582(c)(1)(A)] to circumvent binding precedent declaring the non-retroactive effect of new rules of criminal procedure."[16]  Therefore, Defendant has failed to show extraordinary and compelling reasons for a sentence reduction.  Moreover, as previously noted,[17] a sentence reduction is not warranted under the 18 U.S.C. § 3553(a) factors.

---

[13] *See United States v. Hunter*, 12 F.4th 555, 564 (6th Cir. 2021) (holding that *Booker's* non-retroactive change in sentencing law to change the nature of the Sentencing Guidelines from mandatory to advisory, after defendant was sentenced, was not a factor to support an "extraordinary and compelling" reason for defendant's compassionate release from imprisonment); *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021); *cf. McGee*, 992 F.3d at 1048 (stating that "the fact a defendant is serving a pre-First Step Act mandatory life sentence imposed under § 841(b)(1)(A) cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)").

[14] *See United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016).

[15] In his request to the warden, Defendant cited his efforts at rehabilitation but he has not advanced that as a basis for his current Motion.

[16] *Hunter*, 12 F.4th at 565

[17] Docket No. 84.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Renewed Motion for Sentence Reduction (Docket No. 86) is DENIED.

DATED this 30th day of March, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge